**FILED**

AUG 04 2017

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| RILEY MALONE, individually, and formerly d/b/a RIM CONSOLIDATED MINING INC., <br><br> Plaintiff, <br><br> vs. <br><br> KATHLEEN D. MURRAY REVOCABLE LIVING TRUST, <br><br> Defendant. | No. CV-17-49-BU-SEH <br><br> **ORDER** |

Defendant removed this action from state court by Notice of Removal[1] filed July 28, 2017. However, jurisdiction is not well-pleaded.

The removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The "strong presumption" against removal jurisdiction requires the defendant to carry the burden of showing

---

[1] Doc. 1.

removal is proper. Id. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Id.

The Notice asserts federal jurisdiction under 28 U.S.C. §§1332 and 1441. 28 U.S.C. §1332(a)(1) states:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;

Only residence of Plaintiff is alleged. Citizenship is not. The diversity statute speaks of citizenship, not of residency. Kanter v. Warner-Lambert, 265 F.3d 853, 857 (9th Cir. 2001). Citizenship cannot be "deemed" by residency. Id.

"So long as such an entity is unincorporated . . . it possesses the citizenship of all its members." Americold Realty Trust v. Conagra Foods Inc., 136 S. Ct. 1012, 1017 (2016) (holding that a trust sued in its name takes the citizenship of each of its members). The citizenship of each and all of Kathleen D. Murray Revocable Living Trust's members is not alleged. It is thus impossible for the Court to determine whether complete diversity exists.

Fed. R. Civ. P. 12(h)(3) contemplates that lack of jurisdiction can be raised at any time. Moreover, the objection may be raised by a party, or by the courts

own initiative, at any stage in the litigation, even after the trial and judgment entry. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

ORDERED:

This case will be remanded to state court on August 11, 2017, unless Defendant files an amended notice of removal properly alleging jurisdiction on or before that date.

DATED this 4th day of August, 2017.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Judge